# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00482-CV

**Elliot Abraham Sacks, Appellant**

**v.**

**Rachel Rupp, Appellee**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2020-0619D, THE HONORABLE DIB WALDRIP, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Elliot Abraham Sacks filed this pro se appeal of the trial court's April 10, 2026 Temporary Orders in Suit to Modify Parent-Child Relationship, challenging the temporary order requiring him to have only supervised possession and access to his child. However, this Court lacks jurisdiction over an appeal from temporary orders rendered in a pending suit affecting the parent-child relationship (SAPCR). *See* Tex. Fam. Code § 105.001(e) ("Temporary orders rendered under this section are not subject to interlocutory appeal."); *Jones v. Jones*, No. 03-25-00062-CV, 2025 WL 1715730, at *1 (Tex. App.—Austin June 20, 2025, pet. dism'd w.o.j.) (dismissing for want of jurisdiction parent's appeal of temporary orders in SAPCR). The Clerk of

this Court requested that Sacks file a response demonstrating our jurisdiction over this appeal. His response did not address our jurisdiction over the appealed temporary orders.[1]

In general, this Court's jurisdiction is limited to appeals in which there exists a final or appealable judgment or order. *See* Tex. Civ. Prac. & Rem. Code § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (stating general rule that appeal may be taken only from final judgment that disposes of all pending claims and parties in record unless statute provides for interlocutory appeal). The trial court's April 10, 2026 temporary order is not final, and no statute provides for interlocutory appeal from that order. Because the order that Sacks challenges is not an appealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Jones*, 2025 WL 1715730, at *1.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Theofanis

Dismissed for Want of Jurisdiction

Filed: July 16, 2026

---

[1] Sacks's response argues only that this case should be transferred because his child and the child's mother reside in Bexar County and "[t]he Comal County Court is not the proper venue for this custody case."